UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY JEAN KINDRED,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>  Defendant. | Case No. CV 13-1771 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Betty Jean Kindred ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected her credibility. (Joint Stip. at 5, 31-35.) The Court agrees with Plaintiff for the reasons discussed below.

  A.  <u>The ALJ Failed to Provide Clear and Convincing Reasons for Rejecting Plaintiff's Credibility</u>

An ALJ may reject a claimant's credibility "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings

are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ provided five reasons in support of his credibility determination. The Court discusses, and rejects, each in turn.

First, the ALJ found that there was a "lack of significant [] clinical findings" to support Plaintiff's subjective symptoms. (Administrative Record ("AR") at 38.) However, an ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *Summers v. Bowen*, 813 F.2d 241, 242 (9th Cir. 1987) (per curiam). Thus, as to this ground, the ALJ's credibility determination is inadequate.

Second, the ALJ found that Plaintiff received conservative treatment. (AR at 37.) Specifically, "[t]here is no credible evidence of regular usage of strong medication to alleviate pain." (*Id.*) While "evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment," *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007), here, Plaintiff received multiple epidural injections. (AR at 498-99, 510.) Numerous courts have resisted ALJs' efforts to characterize epidural injections as conservative. *See, e.g., Tagle v. Astrue*, 2012 WL 4364242, at *4 (C.D. Cal. Sept. 21, 2012); *Christie v. Astrue*, 2011 WL 4368189, at *4 (C.D. Cal. Sept. 16, 2011); *Oldham v. Astrue*, 2010 WL 2850770, at *9 (C.D. Cal. July 19, 2010). As such, Plaintiff's treatment was not, in fact, conservative, and this reason is invalid.

Third, the ALJ relied on his own impressions of Plaintiff's demeanor at the hearing. (AR at 37.) Specifically, Plaintiff's "thoughts did not seem to wander and all questions were answered alertly and appropriately." (*Id.*) However, an "ALJ's reliance on his personal observations of [a claimant] at the hearing has been condemned as "sit and squirm" jurisprudence. *Perminter v. Heckler*, 765 F.2d 870,

2

872 (9th Cir. 1985); *see Coats v. Heckler*, 733 F.2d 1338, 1341 (9th Cir. 1984) (denial of benefits cannot be based on the ALJ's observations alone). Further, Plaintiff's depression appears to be episodic. (See AR at 456-80.) As such, the ALJ's one-time observations cannot possibly capture Plaintiff's longitudinal functioning. This reason is thus insufficient.

Fourth, the ALJ found that Plaintiff's description of her daily activities to the consultative examiners was inconsistent with her hearing testimony. (*Id.* at 38.) The Court, for its part, finds no such inconsistency. In particular, to examining internist Wallack, Plaintiff reported that she does "some cooking and light cleaning," "some computer activities," and reading. (*Id.* at 339.) Likewise, to examining psychiatrist Bedrin, Plaintiff stated that she does "less shopping [and] cooking than she used to," "a little stuff on the computer," reading, driving, and she attends to her hygiene. (*Id.* at 353.) Both accounts closely reflect Plaintiff's testimony at the hearing. There, she admitted to doing some laundry, rare grocery shopping, showering herself, using the computer for about fifteen minutes a day, and reading. (*Id.* at 52, 55-56.) The only more precise example provided by the ALJ is that Plaintiff testified that she is unable to walk her dogs, while telling Dr. Bedrin that she "go[es] to dog parks so [she] can just sit there and watch the[m]." (*Id.* at 178, 353.) But Plaintiff's inability to walk her dogs is not inconsistent with an ability to sit and watch them run freely. As such this reason fails.

Finally, the ALJ found that "there is no clear basis in the record for why [Plaintiff] ceased working when she did." (*Id.* at 37.) This reason fails for two reasons. First, in her work history report, Plaintiff does explain that her "problems got chronically worse" when her employer changed locations and her "job requirements had changed." (*Id.* at 186.) Specifically, Plaintiff was no longer able to move around and she "pretty much sat in a chair looking at a computer screen with [her] neck at an odd angle." (*Id.*) As such, "the pain in [her] neck and back increased significantly [and her] knees and feet started to have a lot of pain." (*Id.*)

1  Second, this reason appears to be arbitrary. *See Thomas v. Barnhart*, 278 F.3d 947,
2  958 (9th Cir. 2002) (ALJ must make "a credibility determination with findings
3  sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily
4  discredit claimant's testimony.")  Nowhere does Plaintiff contend that a particular
5  injury caused her mental and physical impairments. (*See generally* AR.)  Moreover,
6  the ALJ does not dispute Plaintiff's contention that her pain worsened over time, nor
7  does he cite any reason to disbelieve that her impairments became disabling as of
8  January 12, 2009. (*See id.* at 28-41.)  This reason is thus inadequate.
9  Accordingly, for the reasons stated above, the Court determines that the ALJ
10 improperly rejected Plaintiff's credibility.

11      B.     Remand is Warranted

12       With error established, this Court has discretion to remand or reverse and
13 award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Where no
14 useful purpose would be served by further proceedings, or where the record has been
15 fully developed, it is appropriate to exercise this discretion to direct an immediate
16 award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).
17 But where there are outstanding issues that must be resolved before a determination
18 can be made, or it is not clear from the record that the ALJ would be required to find
19 plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.
20 *See id.* at 594.

21       Here, there are outstanding issues which must be resolved before a final
22 determination can be made.  On remand, the ALJ shall reconsider Plaintiff's
23 subjective complaints and the resulting functional limitations, and either credit
24 Plaintiff's testimony as true, or provide clear and convincing reasons supported by
25 substantial evidence for rejecting them.

26       Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
27 **REVERSING** the decision of the Commissioner denying benefits and
28 **REMANDING** the matter for further administrative action consistent with this

4

decision.[1]

Dated: February 20, 2014

                                                                        _____
                                                                        Hon. Jay C. Gandhi
                                                                        United States Magistrate Judge

---

[1] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contention. (*See* Joint Stip. at 5-12, 23-27.)

5