UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL

| Case No. | LA CV 13-1771 JCG | Date | November 19, 2015 |
|---|---|---|---|
| Title | Betty Jean Kindred v. Carolyn W. Colvin | | |

| Present: The Honorable | Jay C. Gandhi, United States Magistrate Judge | |
|---|---|---|
| Kristee Hopkins | None Appearing | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:            Attorneys Present for Defendant:

None Appearing                              None Appearing

**Proceedings:**   (IN CHAMBERS) ORDER GRANTING MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

Pending before the Court are Plaintiff's Motion for Attorney Fees and Costs ("Motion") pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"), and Defendant's Opposition. [*See* Dkt. Nos. 17-18.] Plaintiff did not file a reply. For the reasons stated below, the Motion is **GRANTED**.

## I. Introduction

In short, this Motion follows the Court's February 20, 2014 decision to reverse and remand this matter for further administrative proceedings. [Dkt. Nos. 15-16.] Plaintiff's counsel requests a total of $4,694.20 in attorney fees (25.1 attorney hours), and $350.00 in costs. [Dkt. No. 17-1 at 1-2, 4, 7; Dkt. No. 17-3.]

Defendant counters that Plaintiff is not entitled to EAJA fees because (1) the government was substantially justified in defending this matter, and (2) the requested fees are unreasonable. [Dkt. 18 at 2-6.]

The Court addresses each issue in turn.

## II. Discussion

A.   Substantial Justification

As a rule, attorney fees "shall" be granted under the EAJA to a prevailing plaintiff "unless" the government meets its burden of demonstrating that (a) its litigation position

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 13-1771 JCG | Date | November 19, 2015 |
|---|---|---|---|
| Title | *Betty Jean Kindred v. Carolyn W. Colvin* | | |

and (b) the agency decision on review were substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Herron v. Colvin*, 585 F. App'x 511, 512 (9th Cir. 2014).

To that end, Defendant contends that she was substantially justified in defending the Administrative Law Judge ("ALJ")'s credibility determination because "the ALJ articulated reasons that are generally valid reasons for an adverse credibility finding, and . . . evidence in the record supported his findings . . . ." [Dkt. No. 18 at 5.] Defendant's assertions are unpersuasive, for two reasons.

First, by omitting from her Opposition any justification for the ALJ's reliance on two of the five factors found invalid by this Court – Plaintiff's demeanor and her purportedly conservative treatment – the Commissioner has failed to meet her burden of proving that her defense of the ALJ's finding was substantially justified. [Dkt. No. 15 at 1-4; No. 18 at 5]; *see Scarborough v. Principi*, 541 U.S. 401, 416 (2004); *Willis v. Astrue*, 2012 WL 481357, at *2 (S.D. Ohio Feb. 14, 2012) (EAJA fee award appropriate where Commissioner did not attempt to explain the justification for prior opposition to plaintiff's winning arguments).

Second, simply because the ALJ's proffered reasons are "generally valid" in other cases does not mean Defendant's position or the agency decision was substantially justified in this case. For example, Defendant rehashes her "daily activities" argument – including by citing Plaintiff's trifling ability to "tak[e] her dogs to the park" – but the Court found that such activities were not inconsistent with Plaintiff's complaints, and determined that the ALJ had not provided "clear and convincing" reasons for rejecting Plaintiff's credibility. [*Compare* Dkt. 13 at 36-39 *with* Dkt. 18 at 5; Dkt. 15 at 2-4]; *see Glenn v. Comm'r Soc. Sec.*, 763 F.3d 494, 499 (6th Cir. 2014) (Commissioner's position not substantially justified where ALJ failed to consider full context of evidence of claimant's daily activities); *Hampton v. Colvin*, 2015 WL 1884313, at *4 (N.D. Cal. Apr. 23, 2015) ("While the consideration of a claimant's daily activities may be an acceptable factor to consider . . . [that] consideration alone is [not] enough to make an ALJ's credibility decision substantially justified in law.")

In short, because the ALJ committed error in his evaluation of Plaintiff's credibility, the litigation position and the agency decision were not substantially justified. *See Meier v. Colvin*, 727 F.3d 867, 872-73 (9th Cir. 2013); *Herron*, 585 F. App'x at 512.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 13-1771 JCG | Date | November 19, 2015 |
|---|---|---|---|
| Title | *Betty Jean Kindred v. Carolyn W. Colvin* | | |

The Court thus lacks grounds to find substantial justification here.

B.  <u>Reasonableness of Request</u>

Defendant makes no challenge to the rate or amount of time spent by Plaintiff's attorney on each individual task in conjunction with this action. [Dkt. 18 at 6; Dkt. 17-3 at 1.] Rather, Defendant suggests that because Plaintiff succeeded on one of three briefed issues, and the Court did not "find [Defendant's other] arguments a basis for remand," Plaintiff should not be able to recover for the time spent on issues that did not lead to relief. [Dkt. 18 at 6.] Defendant's assertion is unpersuasive, for three reasons.

First, the Court did not decide that the other issues briefed by counsel lacked merit. Rather, it found that because the ALJ had to reconsider Plaintiff's subjective complaints and the resulting functional limitations, it was unclear whether Plaintiff was disabled until those and the other issues were resolved on remand. [Dkt. 15 at 4.] Thus, Plaintiff did not achieve "limited success" on the issues raised. *See Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (a court may reduce a fee award where the plaintiff only achieved partial or limited success).

Second, Plaintiff's three issues supported one claim for relief to this court: a claim for reversal of the denial of disability benefits. *See Hampton*, 2015 WL 1884313 at *5 ("[A]lthough Plaintiff raised two arguments on remand, these arguments supported one claim for relief to this Court: a claim for disability benefits on appeal."); *Trefcer v. Colvin*, 2013 WL 6623823, at *4-5 (E.D. Cal. Dec. 16, 2013) ("Social Security appeals are akin to a single claim for relief based on one set of facts and involving related legal theories.").

Third, the time expended – 25.1 hours – was not unreasonable to litigate the case to the point of achieving the "excellent result" of a remand for further proceedings. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (in assessing reasonableness of EAJA fee request, courts must consider the "results obtained"); *Hampton*, 2015 WL 1884313 at *6 ("Given that Plaintiff achieved the relief he sought, he obtained an excellent result, and the fee award should not be reduced because Plaintiff did not succeed on all the contentions raised."). Equally important, the time spent on the case was well within the approved range for social security disability cases. *See Patterson v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 13-1771 JCG | Date | November 19, 2015 |
|---|---|---|---|
| Title | *Betty Jean Kindred v. Carolyn W. Colvin* | | |

*Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range").

Accordingly, IT IS ORDERED THAT:

1. Plaintiff's Motion for the Award of Attorney's Fees Under the EAJA [Dkt. No. 17], is **GRANTED**.

2. Judgment shall be entered awarding EAJA fees in the amount of $4,694.20 and costs in the amount of $350.00[1] to Plaintiff.[2]

Pursuant to Local Rule 58-6, the Court **ORDERS** that this Order shall constitute entry of judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

*It is so ordered.*

cc: Parties of Record

|  | 00 : 00 |
|---|---|
| Initials of Clerk | kh |

---

[1]   Defendant does not dispute the costs, which were incurred in filing this action.

[2]   Defendant correctly asserts – without opposition – that, should fees be distributed, the fees shall be made payable to Plaintiff. [Dkt. No. 18 at 7-8]; *see Astrue v. Ratliff*, 560 U.S. 586, 590-598 (2010). If plaintiff does not owe a debt to the government, then the Commissioner may, in her discretion, direct payment to Plaintiff's counsel. *See Long v. Colvin*, 2015 WL 3902160, at *3 (N.D. Cal. June 24, 2015).